# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ROBIN GIVENS, on behalf of
insured Micah Davis and JOHNNIE
O. GIVENS, JR., on behalf of
insured Micah Davis,

    Plaintiffs,

v.

Case No. 3:22-cv-733-TJC-MCR

NEXTRAN CORPORATION, a
Florida corporation,

    Defendant.

## O R D E R

This ERISA case is before the Court to determine the appropriate standard of review. On November 23, 2022, Defendant Nextran Corporation moved to dismiss the Amended Complaint filed by Plaintiffs Robin and Johnnie O. Givens, Jr., on behalf of Micah Davis. (Doc. 27). At a December 1, 2022 preliminary pretrial conference, the Court directed the parties to supplementally brief whether a de novo or arbitrary and capricious standard of review applies to this case. (Docs. 29, 30). Both parties provided briefs, and Nextran attached over one hundred pages of supporting documentation, including a copy of its group health plan. (Docs. 35; 35-1; 38).

The Court held a hearing on all pending motions on July 13, 2023, and resolved Nextran's Motion to Dismiss, but deferred ruling on the standard of review. (Doc. 52). On August 18, 2023, before the Court issued a decision about the standard of review, Nextran filed a previously undisclosed copy of an "ERISA Wrap Plan" as "supplemental authority." (Doc. 57). The Court directed the parties to discuss the Wrap Plan's applicability and timeliness, and both parties filed additional briefs. (Docs. 58, 59, 60). After fully considering the parties' briefing, exhibits, and arguments from the July 13, 2023 hearing, the Court determines that the remainder of this case is subject to de novo review.

By default, a court's review of an ERISA benefits determination under a healthcare plan is de novo unless the healthcare plan gives the plan administrator "discretion to determine eligibility or construe the terms of the plan." Harris v. Lincoln Nat'l Life Ins. Co., 42 F.4th 1292, 1294 (11th Cir. 2022). The plan must expressly grant discretionary authority. Kirwan v. Marriott Corp., 10 F.3d 784, 788 (11th Cir. 1994). Nextran's health plan does not.

Nextran's health plan states that "[a] Member's claim and appeals will be decided pursuant to a good faith interpretation of the Plan of Benefits, in the best interest of the Member, without taking into account either the amount of the Benefits that will be paid to the Member or the financial impact on the Group Health Plan." (Doc. 35-1 at 99). Nextran argues that the words and phrases "decided," "interpretation," "good faith," and "best interest of the

2

member" imply discretionary decision-making. See (Doc. 35 at 4–5). The Court is unpersuaded.

The Supreme Court has rejected the notion that "the interpretation of the terms of a plan is an inherently discretionary function." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 112 (1989). In other words, directing plan administrators to interpret provisions is not the same thing as giving them interpretive discretion. Including phrases such as "good faith" and in the "best interest of the member" comes closer, but is still not enough. Even if one possible reading of these phrases implies that administrators have some interpretive flexibility, a plan's grant of discretionary authority must be explicit, not implied. See Moon v. American Home Assurance Co., 888 F.2d 86, 88 (11th Cir. 1989) (rejecting the argument that "discretionary authority can be implied from the plan"). These words and phrases do not indicate a clear grant of discretionary authority.

Separately, Nextran highlights the plan provision that "[t]he Employer at all times retains the right to make the final determination." (Doc. 35 at 4); (Doc. 35-1 at 100). Nextran argues this sentence resembles discretionary language found in other cases. (Doc. 35 at 4–6 (citing Langford v. UNUM Life Ins. Co. of Am., 138 F. App'x 162, 164 (11th Cir. 2005))); (Doc. 56 at 24:18–25:4). In some cases, Eleventh Circuit has found discretionary authority where a plan made administrators' determinations "final and conclusive." Kirwan, 10 F.3d at

3

788. At the same time, "[l]anguage requiring trustees to make a final determination of an employee's eligibility does not necessarily confer discretionary authority." Id. at 789 (quoting Baxter v. Lynn, 886 F.2d 182, 188 (8th Cir. 1989)). Nextran's plan explains who has the right to make a final decision, but this provision does not clarify how the decision should be made (i.e., with or without interpretive discretion). See (Doc. 35-1 at 100); Kirwan, 10 F.3d at 789 (quoting Baxter, 866 F.2d at 188) (explaining that provisions simply clarifying a decisionmaker's "mandatory role in accepting or rejecting claims" do not confer discretionary authority). Absent a clear grant of discretionary authority, the plan supports de novo review.

Finally, although the additional Wrap Plan Nextran recently submitted as supplemental authority contains a clear and explicit grant of discretion, it does not change the calculus. The Wrap Plan states that "[t]he Plan Administrator . . . shall have total and complete discretionary power and authority," including the discretion "to make factual determinations, to construe and interpret the provisions of the Plan," and "to correct defects and resolve ambiguities." (Doc. 57-1 at 6). Were this language in the operative group health plan, (Doc. 35-1 at 21–116); (Doc. 11-1), there would be little doubt about the standard of review. But as Plaintiffs note, the Wrap Plan's connection to the operative group health plan is tenuous. (Doc. 60 at 4–5). For starters, the health plan and the Wrap Plan have different plan or contract numbers and different

4

effective dates. Compare (Doc. 11-1 at 5), with (Doc. 57-1 at 3). Further, the Wrap Plan does not discuss relationships exhaustively covered in the health plan, such as the presence and role of the claims administrator. See (Doc. 11-1 at 1, 80). Nor does the health plan incorporate, mention, or discuss the presence of a pre-existing Wrap Plan with additional or superseding terms, raising further doubt that the two documents are related. See generally (Doc. 11-1). Without more, the Court is not persuaded that the Wrap Plan applies in this case.[1]

Accordingly, it is hereby

**ORDERED:**

This case will proceed under a **de novo** standard of review. The Court will separately issue a Case Management and Scheduling Order.

---

[1] The Wrap Plan was disclosed more than nine months after the Court ordered briefing on the standard of review—briefing which Nextran supported with voluminous documentation. Cf. (Doc. 35-1). And it was not disclosed at the July 13, 2023 hearing on the standard of review. Nextran explains it had not received a copy of the Wrap Plan from its third party compliance consultant at the time it filed its standard of review brief. (Doc. 59 ¶ 6). But Nextran's vague assertion that it received the Wrap Plan "[s]ubsequent to the parties' briefing" does little to explain why it took so long to produce the Wrap Plan thereafter. Id. ¶ 7. The Court alternatively disregards the Wrap Plan as untimely.

5

**DONE AND ORDERED** in Jacksonville, Florida the 27th day of October, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies:

Counsel of record